J-S27019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
          v.                :
  :
  :
  :
DANTE MICHAEL MORRONE         :
  :
      Appellant        :    No. 2520 EDA 2023

Appeal from the Judgment of Sentence Entered June 28, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002149-2022

BEFORE:   LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:         **FILED DECEMBER 4, 2024**

Appellant Dante Michael Morrone appeals from the judgment of sentence imposed following his convictions for sexual assault and indecent assault without consent.[1]  Appellant challenges the sufficiency and weight of the evidence, the discretionary aspects of his sentence, and his registration requirements under Subchapter H of the Sexual Offender Registration and Notification Act (SORNA).[2]  We affirm.

We adopt the trial court's summary of the underlying facts and procedural history of this matter.  *See* Trial Ct. Op., 8/18/23, at 3-10.  Briefly, a jury convicted Appellant of the aforementioned offenses on March 22, 2023

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3124.1 and 3126(a)(1), respectively.

[2] 42 Pa.C.S. §§ 9799.10-9799.42.

based on allegations that he sexually assaulted the female victim in 2021. On June 28, 2023, the trial court conducted a sentencing hearing. After concluding that indecent assault merged with sexual assault for sentencing purposes, the trial court imposed a term of five to ten years' incarceration for sexual assault.[3,4] Appellant was also ordered to comply with the registration requirements for Subchapter H of SORNA. After Appellant filed a timely post-sentence motion, the trial court granted Appellant's request to stay his SORNA registration requirements pending the outcome of our Supreme Court's decision in **Commonwealth v. Torsilieri**, 316 A.3d 77 (Pa. 2024) (**Torsilieri II**), but denied Appellant's motion in all other respects.[5]

_____

[3] At the time of sentencing, Appellant's prior record score (PRS) was a zero and the offense gravity score (OGS) for sexual assault was an eleven. **See** 204 Pa. Code § 303.15. The standard minimum guideline range for sexual assault was thirty-six to fifty-four months, plus or minus twelve months for aggravating or mitigating circumstances. **See** 204 Pa.Code. §§ 303.15, 303.16(a).

[4] The trial court also imposed the mandatory period of three years of consecutive probation pursuant to 42 Pa.C.S. § 9718.5. **See** N.T., Sentencing, 6/28/23, at 29.

[5] We recognize that although the trial court "stayed" Appellant's SORNA registration requirements for 90 days pending the outcome of **Torsilieri II**, this Court has explained that "legislative enactments are presumed to be constitutional" and remain in effect unless or until they are "declared unconstitutional by the Pennsylvania Supreme Court." **Commonwealth v. Faison**, 297 A.3d 810, 837 (Pa. Super. 2023) (citation omitted). Further, the trial court's "stay" on Appellant's registration requirements had no effect on his obligation to register, as those requirements do not go into effect until an individual is released from prison. **See id.; see also** 42 Pa.C.S. § 9799.15(c)(1) (providing that an individual's SORNA registration requirements are "tolled for the period of time in which the individual" is

_(Footnote Continued Next Page)_

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion which adopted its prior opinion resolving the claims raised in Appellant's post-sentence motion.

On appeal, Appellant raises the following issues, which we have reordered as follows:

1. Whether the evidence was sufficient to sustain [Appellant's] convictions for sexual assault and indecent assault without consent based upon the lack of evidence to prove that [Appellant] acted without consent in his sexual interaction with the alleged victim?

2. Was the verdict against the weight of all the evidence in regards to the proof of whether or not [Appellant] was properly convicted of sexual assault and indecent assault without consent based upon the lack of evidence to prove that [Appellant] acted without consent in his sexual [interaction] with the alleged victim and [Appellant's] testimony that he acted with her consent and in a manner consistent with their earlier sexual interactions?

3. Whether the trial court abused its discretion by imposing sentences which were manifestly unreasonable and failed to review all appropriate factors as required by law?

4. Whether [Appellant] is required to follow the requirements of SORNA for registration and reporting as a sexual offender or whether that portion of Megan's Law is unconstitutional as is presently under review in the Pennsylvania Supreme Court in [*Torsilieri II*]?

Appellant's Brief at 10-11.

_____

incarcerated). In any event, as explained herein, Appellant is not entitled to relief under *Torsilieri II*.

**Sufficiency of the Evidence**

Appellant argues that the Commonwealth failed to establish that he "acted without the consent or knowledge of the alleged victim." *Id.* at 19. In support, Appellant asserts that he and the victim "had been intimate with each other on a number of prior occasions and [Appellant] testified as to the type of activities engaged in by [the victim] that would let him know she was open to the possibility of sexual activity." *Id.* Additionally, Appellant refers to his own testimony that "he thought she was awake and open to their interaction that night and appeared to be enjoying it." *Id.* Further, Appellant argues that the victim's testimony was "questionable and filled with instances where she had little if no memory of very specifics regarding the night's activities and interactions[]" and "she was, pursuant to her own testimony, significantly intoxicated and affected by the long day that she had." *Id.* Therefore, Appellant concludes that there was insufficient evidence to sustain his convictions for sexual assault and indecent assault.

Initially, we note that although Appellant purports to challenge the sufficiency of the evidence, his argument challenges the quality of the testimony presented at trial, which goes to the weight, rather than the sufficiency of the evidence. *See Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa. Super. 2003) (explaining that a sufficiency challenge does not include an assessment of whether the Commonwealth's evidence was credible, and noting that such arguments are more properly characterized as challenges to weight of evidence); *see also Commonwealth v. Charlton*, 902 A.2d

554, 561 (Pa. Super. 2006) (stating that a weight-of-the-evidence claim "concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed" (citation omitted)).

In addition, our Supreme Court has held that an "appellant's challenge to the sufficiency of the evidence must fail[,]" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that the appellant provides goes to the weight of the evidence. ***Commonwealth v. Small***, 741 A.2d 666, 672 (Pa. 1999); ***see also Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000) (explaining the distinctions between a claim challenging sufficiency of evidence and a claim challenging weight of evidence).

Here, although framed as a challenge to the sufficiency of the evidence, Appellant's argument is based on the credibility of witness testimony, which implicates the weight, not the sufficiency, of the evidence. ***See Wilson***, 825 A.2d at 713-14. Therefore, to the extent Appellant challenges the sufficiency of the evidence on this basis, he is not entitled to relief.[6] ***See Small***, 741 A.2d at 672.

**Weight of the Evidence**

Appellant also argues that the verdict was against the weight of the evidence. Appellant's Brief at 21. Specifically, Appellant argues that the

---

[6] In any event, the trial court thoroughly addressed the sufficiency of the evidence supporting Appellant's convictions and concluded that he was not entitled to relief. Therefore, even if properly preserved, we would affirm based on the trial court's opinion. ***See*** Trial Ct. Op., 8/18/23, at 3-10.

Commonwealth's evidence was "contradictory and unclear" as to whether Appellant acted without the victim's consent. *Id.* Further, Appellant contends that "[the victim's] testimony must be seen [in] the light of her being heavily intoxicated and unclear as to various multiple factual issues regarding the incident for which she could not remember what it was uncertain about." *Id.* at 21-22. Additionally, Appellant refers to his own testimony and argues that he "presented clear and consistent testimony as to his actions that night[]" and that "[i]t was clear that he felt [the victim] was awake and coherent and that she implicitly consented to the sexual activities." *Id.* at 22. Therefore, Appellant concludes that the trial court abused its discretion by rejecting Appellant's weight claim. *Id.*

When reviewing the denial of a motion for a new trial based on the weight of the evidence, we apply the following standard of review:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa. Super. 2017) (citations omitted).

- 6 -

As this Court has repeatedly stated,

[t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.

\* \* \*

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Spence*, 290 A.3d 301, 311 (Pa. Super. 2023) (citations omitted and formatting altered).

Here, the trial court explained:

From the evidence recounted above, it is reasonable to have concluded that [Appellant] engaged in sexual intercourse and indecent contact with [the victim] without her consent for the purpose of arousing or gratifying sexual desire. Accordingly, [Appellant's] challenge to the weight of the evidence must fail.

Trial Ct. Op. at 11.

Following our review of the record, we discern no abuse of discretion by the trial court in rejecting Appellant's weight claim. *See Windslowe*, 158

A.3d at 712. Although Appellant claims that the victim's testimony was contradictory and unclear, the jury was "free to believe all, none, or some of the evidence and to determine the credibility of the witnesses." **Spence**, 290 A.3d at 311 (citation omitted and formatting altered). Therefore, Appellant is not entitled to relief.

**Discretionary Aspects of Sentence**

Appellant also challenges the discretionary aspects of his sentence for sexual assault. Appellant's Brief at 22. Specifically, Appellant contends that the trial court "failed to fulfill the requirement to look at all relevant factors and disregarded a large and important mitigating factor in this case." **Id.** at 24. Appellant notes that he had "no prior or subsequent criminal history" and that "[t]his incident of sexual assault, as horrific as it may be, was the only incident of criminal action by [Appellant] in his life." **Id.** Therefore, although Appellant acknowledges that his sentence was within the standard range of the guidelines, the trial court's imposition of a statutory maximum sentence "without consideration of the appropriate mitigating factors, is an abuse of discretion and fairness." **Id.**

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for

allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved this issue by raising it in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in

his brief. *See Corley*, 31 A.3d at 296. Further, Appellant's claim raises a substantial question for our review. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2015) (holding that "[t]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citation omitted)).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

- 10 -

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

**Raven**, 97 A.3d at 1253-54 (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant[.]" **Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Commonwealth v. Schutzues**, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." **Fullin**, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court

- 11 -

has been so informed, its discretion should not be disturbed." **Commonwealth v. Edwards**, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. **See Commonwealth v. Kurtz**, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" **Id.** (citation omitted).

Here, as noted previously, the trial court imposed a five-to-ten-year sentence for sexual assault, which was within the range set forth in the sentencing guidelines. **See** N.T. Sentencing Hr'g, 6/28/23, at 4, 29; **see also** 204 Pa. Code § 303.16(a).

In its Rule 1925(a) opinion, the trial court explained:

This court considered all the required statutory factors in sentencing [Appellant]. Indeed, in imposing [Appellant's] sentence, this court considered the "protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, the defendant's rehabilitative needs, and the sentencing guidelines." 42 Pa. C.S.[] § 9721(b); **Commonwealth v. Feucht**, 955 A.2d 377, 383 (Pa. Super. 2008).

Prior to sentencing this court carefully reviewed the [PSI] prepared on June 14, 2023. Therefore, this court did not fail to consider mitigating factors. **Commonwealth v. Devers**, 546 A.2d 12 (Pa. 1988) (holding that where a pre-sentence report exists, there is a presumption that the sentencing judge was aware of and adequately considered information relevant to the

- 12 -

defendant's character, as well as any mitigating factors). Indeed, this court was aware of [Appellant's] employment history, his prior record score of zero, his community connections, and the coursework completed while in Lehigh County Jail. This court was also aware of the facts of the case, the impact on the victim, [Appellant's] lack of honesty with the author of the Pre-Sentence Investigation Report, [Appellant's] three (3) misconducts while in the Lehigh County Jail, and [Appellant's] lack of accountability.

Using its discretion, this court imposed a sentence that was within the guidelines and within the law. Accordingly, [Appellant's] argument is baseless[.]

Trial Ct. Op. at 14-15 (some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. As noted, the trial court ordered a PSI report, which it reviewed prior to sentencing. *See* N.T. Sentencing Hr'g, 6/28/23, at 26. Therefore, we presume that the trial court was aware of the mitigating factors and considered them when imposing Appellant's sentence. *See Edwards*, 194 A.3d at 638; *see also Kurtz*, 294 A.3d at 536. This Court will not re-weigh the trial court's consideration of those factors on appeal. *See Kurtz*, 294 A.3d at 536; *see also Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of sentencing court where the lower court was fully aware of all mitigating factors).

Further, the trial court thoroughly explained its considerations of the guidelines and relevant sentencing factors in crafting the sentence imposed. *See* N.T. Sentencing Hr'g, 6/28/23, at 26-29. Therefore, we have no basis to conclude that Appellant's sentence was clearly unreasonable. *See Raven*, 97

A.3d at 1254; *see also Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014). Accordingly, Appellant is not entitled to relief.

### SORNA Registration

In his remaining claim, Appellant challenges the constitutionality of SORNA's registration requirements based on the same arguments raised by the appellant in *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020) (*Torsilieri I*) and *Torsilieri II*.[7] Appellant's Brief at 14.

Appellant's claim is a question of law, for which our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Manzano*, 237 A.3d 1175, 1178 (Pa. Super. 2020). "[T]he party challenging the constitutionality of a statute has a heavy burden of persuasion." *Id.* at 1180 (citations omitted). "A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution." *Commonwealth v. Villanueva-Pabon*, 304 A.3d 1210, 1214 (Pa. Super. 2023) (citations omitted).

As noted previously, Appellant's claims are identical to those raised in *Torsilieri II*. While the instant appeal was pending, our Supreme Court

_____

[7] Although Appellant included the SORNA challenge in his statement of questions, he did not include this claim in the argument section of his brief. *See* Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued"). We do not condone Appellant's failure to comply with the Rules of Appellate Procedure, but because the noncompliance does not impede our review, we decline to find waiver on this basis. *See, e.g., Commonwealth v. Levy*, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to find waiver on the basis of the appellant's failure to comply with the Rules of Appellate Procedure, where the errors did not impede this Court's review).

issued a decision in **Torsilieri II**, which rejected the appellant's constitutional challenges to Subchapter H and concluded that he was not entitled to relief. **See Torsilieri II**, 316 A.3d at 99-100; 108-10.  Here, because Appellant's claims are the same as those raised in **Torsilieri II**, we conclude that Appellant is likewise not entitled to relief.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/4/2024